IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BRIAN ARMON DUCKSWORTH,

                Plaintiff,                       OPINION AND ORDER

    v.

                                              22-cv-149-wmc

T. MAASSEN,[1]

                Defendant.

---

*Pro se* plaintiff Brian Armon Ducksworth, who currently is incarcerated at Jackson Correctional Institution ("Jackson"), filed this civil rights complaint under 42 U.S.C. § 1983, claiming that defendant, Jackson's Health Services Unit Manager ("HSM") T. Maassen, violated his rights under the Eighth Amendment by allowing him to be exposed to the coronavirus. Since Ducksworth is a prisoner and proceeding without prepayment of the filing fee, the court must screen the complaint under 28 U.S.C. §§ 1915(e)(2), 1915A, to determine whether he may proceed with the case. While Ducksworth is held to a "less stringent standard" in crafting pleadings, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), this lawsuit nonetheless is subject to dismissal because plaintiff's allegations do not suggest that Maassen responded to the risk that he might contract COVID-19 with deliberate indifference. However, the court will give Ducksworth a brief opportunity to submit an amended complaint that addresses the deficiencies identified below.

---

[1] Plaintiff spells defendant's name differently throughout his complaint. The court has used the spelling included in the body of his complaint.

OPINION

Ducksworth includes few allegations in his complaint, but it appears that his housing unit experienced an outbreak of COVID-19 in December of 2021. Ducksworth alleges that during the week of December 10, 2021, T. Maassen "should have known who tested positive for COVID-19," and did not follow CDC quarantine guidelines for inmates who tested positive until a week after they tested positive. (Compl. (dkt. #1) 2-3.) Ducksworth alleges that he was exposed to COVID-19, which caused him "extreme stress, mental anguish, and physical pain." (*Id.*)

Ducksworth therefore claims that Maassen violated his rights under the Eighth Amendment. The Eighth Amendment requires prison officials to provide inmates with humane conditions of confinement and to take reasonable measures to guarantee inmate health and safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Therefore, prison officials violate the Eighth Amendment by responding with deliberate indifference to a condition that presents an "objectively, sufficiently serious risk of harm." *Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014) (citing *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008)).

Construing the complaint generously, plaintiff's allegation that he was exposed to the coronavirus, resulting in him contracting it, is sufficient to permit an inference that plaintiff faced an objectively serious risk of harm. However, plaintiff's allegations as to the deliberate indifference requirement do not satisfy the requirements of Rule 8 of the Federal Rules of Civil Procedure, which provides that a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." This means that the complaint must provide notice to the defendants of what plaintiff believes they did to

2

violate his rights. Additionally, the complaint must contain enough allegations of fact to support a claim under federal law. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). Important here, to demonstrate liability under § 1983, a plaintiff must allege sufficient facts showing that an individual personally caused or participated in a constitutional deprivation. *See Minix v. Canarecci*, 597 F.3d 824, 833-34 (7th Cir. 2010) ("individual liability under § 1983 requires personal involvement in the alleged constitutional violation") (citation omitted).

Although the court assumes for purposes of screening that plaintiff became ill with COVID-19 at some point in December of 2021, Ducksworth's allegations do not suggest deliberate indifference by Maassen. Ducksworth has not alleged that Maassen *actually* knew or had reason to know that other prisoners in Ducksworth's housing unit had tested positive *prior to* plaintiff's exposure. Rather, by alleging that Maassen *should have known* that other inmates had tested positive during the week of December 10, it appears that Ducksworth seeks to hold Maassen accountable by virtue of her position as HSM. Yet a prison official cannot be held liable under § 1983 by virtue of their supervisory position alone. *Zimmerman v. Tribble*, 226 F.3d 568, 574 (7th Cir. 2000) (rejecting § 1983 actions against individuals merely for their supervisor role). Instead, to maintain a claim against a supervisory defendant, a plaintiff must allege facts showing that the supervisor had sufficient *personal* responsibility over the allegedly unconstitutional conduct; said another way, the facts must support a finding that the supervisor "directed the conduct causing the constitutional violation, or . . . it occurred with [his] knowledge or consent." *Sanville v. McCaughtry*, 266 F.3d 724, 739-40 (7th Cir. 2001) (internal citations omitted). Since

Ducksworth alleges only that Maassen *should have known* about inmates testing positive in his unit, his allegations do not support an inference that Maassen, herself, knew that officers in Ducksworth's unit were acting with deliberate indifference to the risk of COVID-19 and approved of, or ignored, their mishandling of the risk, or otherwise responded to the risk of COVID-19 in Ducksworth's housing unit with deliberate indifference. Therefore, as currently pled, Ducksworth's complaint does not state a claim upon which relief can be granted.

Consistent with circuit precedent, the court will give Ducksworth 21 days to submit a proposed amended complaint that provides more details about the claims he wishes to pursue. *See Felton v. City of Chic.*, 827 F.3d 632, 636 (7th Cir. 2016). Ducksworth should draft his amended complaint as if he were telling a story to someone who knows nothing about the events at hand, focusing on providing a timeline of the materials events and exactly what Maassen knew about *his* potential exposure to inmates who tested positive prior to his contracting COVID-19, when she knew about that risk, and how she responded to the risk in a manner that he believes violated his rights. Ducksworth should also specify when he became sick with COVID-19, since the timing of his illness relates to whether Maassen responded with deliberate indifference that he in particular would get sick. After the court receives Ducksworth's proposed amended complaint in this lawsuit, the court will screen it and determine whether this case may proceed further.

ORDER

IT IS ORDERED that:

1. Plaintiff Brian Ducksworth's complaint is DISMISSED without prejudice under Federal Rules of Civil Procedure 8.

2. Plaintiff has until **July 18, 2022**, to respond to this order as directed above. If plaintiff fails to respond to this order by that date, the court will dismiss his claims with prejudice for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b).

Entered this 27th day of June, 2022.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge